IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY LANIL McCANTS,

    Petitioner,             No. 2: 10-cv-0647 GEB KJN P

    vs.

JAMES WALKER,             ORDER AND

    Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's May 21, 2010 motion to dismiss. On July 9, 2010, petitioner was ordered to show cause for his failure to oppose respondent's motion. On July 27, 2010, petitioner filed an amended petition containing a response to the motion to dismiss. On July 28, 2010, petitioner filed a response to the show cause order as well as a request for extension of time to file an opposition to respondent's motion. Good cause appearing, the order to show cause is discharged.

        On August 8, 2010, petitioner filed another request for extension of time to file an opposition to respondent's motion. Because petitioner's amended petition addresses the issues raised in the motion to dismiss, the requests for extension of time to file an opposition are denied

1

as unnecessary.

After carefully reviewing the record, the undersigned recommends that respondent's motion be granted.

II. Discussion

On March 15, 2010, petitioner filed the original petition raising the following claims: 1) the trial court erred by failing to accept his stipulation regarding gang membership; 2) jury instruction error; 3) insufficient evidence; 4) the trial court erred in failing to exclude evidence regarding petitioner's gang moniker; 5) the trial court erred in admitting statements by two witnesses under the exception to the hearsay rule set forth in California Evidence Code § 1240.

Respondent argues that none of the claims raised in the original petition are exhausted. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). Therefore, a waiver of exhaustion may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Respondent argues that the only filing petitioner presented to the California Supreme Court was his petition for review on direct appeal. (Respondent's Lodged Document 1.) The petition for review raised one claim:

> Where trial counsel objects to the admission of certain evidence on the basis that it is hearsay; the prosecution then asserts that it falls under a hearsay exception for spontaneous statements under Evidence Code section 1240; is defense counsel then required to object to the admission of the evidence under each and every element of evidence code section 1240?

(Id.)

The claim raised in the petition for review is the same as claim five raised in the

original petition. However, the petition for review did not allege a constitutional violation in connection with this claim. To satisfy this requirement, a petitioner must "fairly present" the substance of his claim to the state court. Picard v. Connor, 404 U.S. 270, 275 (1971). "It is not sufficient to raise only the facts supporting the claim; rather, 'the constitutional claim . . . inherent in those facts' must be brought to the attention of the state court." Gatlin v. Madding, 189 F.3d 882, 887 (9th Cir. 1999); quoting Picard v. Connor, 404 U.S. at 277. "Neither is the exhaustion requirement satisfied by the mere circumstance that the 'due process ramifications' of an argument might be 'self-evident.'" Id., citing Anderson v. Harless, 459 U.S. 4, 7 (1982). "Instead, 'a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.'" Id., quoting Gray v. Netherland, 518 U.S. 152, 162-63 (1996). "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 366, (1995) (per curiam).

      Claim five of the original petition is not exhausted because petitioner did not reference a specific constitutional guarantee in his petition for review. Claims one through four are also not exhausted as they have not been presented to the California Supreme Court.

      In the amended petition, petitioner raises the same five claims raised in the original petition as well as two new claims: ineffective assistance of counsel and ineffective assistance of appellate counsel. These two new claims are also unexhausted because they have not been addressed by the California Supreme Court.

      Attached to the amended petition is a request by petitioner to stay this action pending exhaustion. Petitioner contends that he has filed a habeas corpus petition in the California Supreme Court and requests that this action be held in abeyance while he exhausts his claims in state court. On August 13, 2010, respondent filed an opposition to the request to stay. Respondent states that he has been unable to find any record of a habeas corpus petition filed by

petitioner in the California Supreme Court.

This court is not authorized to stay a petition containing only unexhausted claims. See Calderon v. United States District Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) (citing Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993)) (court has discretion to stay valid petition containing only exhausted claims); see Rhines v. Weber, 544 U.S. 269, 277 (2005) (court may stay mixed petition only under "limited circumstances"). Because all of the claims raised in the amended petition are unexhausted, the court does not have the authority to stay this action. Accordingly, petitioner's request for a stay should be denied and respondent's motion to dismiss should be granted.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause (Dkt. No. 16) is discharged;

2. Petitioner's motions for extension of time (Dkt. Nos. 18, 19) are denied as unnecessary;

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Dkt. No. 14) be granted;

2. Petitioner's request to stay this action contained in his amended petition (Dkt. No. 17) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1  and Recommendations." Petitioner is advised that failure to file objections within the specified
2  time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
3  (9th Cir. 1991).
4  DATED: August 26, 2010

                                                    _____
                                                  KENDALL J. NEWMAN
                                                  UNITED STATES MAGISTRATE JUDGE

mc647.157